JOHN DUNCAN, Respondent-Appellant, v. TWIN LEASING CORPORATION, Appellant, and LIPSKY & ROSENTHAL, INC., Respondent.— Plaintiff, a rigger employed by a subcontractor, sued defendant-appellant, the general contractor, and defendant-respondent, another subcontractor, to recover damages for personal injuries sustained as the result of a fall through an unguarded opening at the foot of a stairway in a building under construction. Plaintiff alleged that the accident was caused by negligence on the part of defendants and that the opening was permitted to be unguarded in violation of law. Defendant-appellant cross-claimed against defendant-respondent, alleging that defendant-respondent had created the dangerous condition which caused the accident. On trial, plaintiff's claim against both defendants was submitted for determination to the jury, and by stipulation of the parties the issues arising on defendant-appellant's cross complaint were determined by the court. The jury was instructed that defendant-appellant owed plaintiff a duty of compliance with the provisions of section 241-a of the Labor Law, and of certain rules of the Board of Standards and Appeals of the State of New York, enacted pursuant thereto, with respect to protection of openings in buildings under construction, that defendant-appellant's duty under the statute was to exercise reasonable care to provide the safeguards which the statute and rules required, and that if defendant-appellant was at fault in failing to perform the duty which the statute imposed, contributory negligence on the part of plaintiff would not bar a recovery against defendant-appellant. As against defendant-respondent, the court charged that, to recover, plaintiff was required to prove negligence on the part of that defendant, and his own freedom from contributory negligence. The jury was further charged, with respect to plaintiff's claim against defendant-appellant that if defendant-appellant had laid a platform over the opening as required by the statute, its only duty thereafter was to exercise reasonable care in the continued maintenance of the platform and that defendant-appellant would not be liable to plaintiff if the platform were removed by defendant-respondent and if defendant-appellant had no notice, either actual or constructive, of such removal. Defendant-appellant appeals from the judgment insofar as it is in favor of the plaintiff and against defendant-appellant, and insofar as it dismisses the cross complaint against defendant-respondent. Plaintiff appeals from the judgment insofar as it dismisses his amended complaint against defendant-respondent. Judgment unanimously affirmed, with one bill of costs to plaintiff and to defendant-respondent against defendant-appellant. In our opinion, on the facts disclosed by the evidence, and on consideration of the duty imposed on defendant-appellant by the statute, the jury could properly have found that defendant-appellant in the exercise of reasonable care should have discovered prior to the happening of the accident that the opening was unguarded and that reasonable care was not exercised by defendant-appellant, under such circumstances, to avoid the accident. In any event, the charge of the court with respect to defendant-appellant's statu-

tory duty was more favorable than that to which it was entitled. On the uncontradicted facts, the opening through which plaintiff fell was not protected as required and defendant-appellant was properly cast in liability for a failure to perform the absolute duty imposed on it by law. Whether or not defendant-appellant had notice of the condition which caused the accident is immaterial. (Cf. *Smith* v. *Variety Iron & Steel Works Co.*, 147 App. Div. 242, affd. 208 N. Y. 543; *Koenig* v. *Patrick Constr. Corp.*, 298 N. Y. 313, and *Urgo* v. *Coles & Co.*, 226 App. Div. 610.) For the same reason there was no error in the charge by the trial court with respect to contributory negligence. The statute invoked (Labor Law, § 241-a) imposed on defendant-appellant the express and absolute duty of protecting workmen such as plaintiff from dangers incident to work in or at openings such as that involved in this accident, and plaintiff's cause of action, insofar as it was based on a violation of that duty, did not rest on negligence. Consequently, negligence on his part, which did not contribute to the violation of the statute, would not bar recovery. (*Koenig* v. *Patrick Constr. Corp., supra.*) We see no reason on the record presented to disturb the determination by the trial court with respect to defendant-appellant's cross complaint, against defendant-respondent. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ. [See *post*, p. 1103.]