Henry A. Hudson, J.
This is a motion by the defendants, Paul Mancini & Sons (Mancini Brothers) to dismiss the plaintiff’s complaint upon the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.
It appears from the moving papers and the briefs of the parties that the plaintiff originally instituted its action against both Paul Mancini & Sons and the Cooperative GK L. P. Holding Corporation. Thereafter the plaintiff discontinued the action as against the defendant Cooperative GK L. P. Holding Corporation and served an amended complaint. Although the notice of motion was entitled in the action against the defendants Paul Mancini & Sons alone, the complaint attached to the notice of motion was the complaint in the original action. The plaintiff urges that inasmuch as the motion is addressed to the complaint rather than the amended complaint it should be dismissed as the original complaint is no longer at issue in the action.
The defendant asserts that the original complaint was annexed to the motion papers through mistake and that the motion was intended to be addressed to the amended complaint and urges that the plaintiff could not have been prejudiced in any way by the mistake inasmuch as the amended complaint was the only pleading presently in effect. Both parties have briefed the law on the main issues between them and I am of the opinion that nothing would be gained by denying the motion on such a technical ground.
*285 The amended complaint sets forth a cause of action arising out of the injury of one John Hitchens, an employee of A. J. Eckert Company, Inc., a plumbing contractor engaged upon the construction of an office building for the Cooperative Gr. L. F. Holding Corporation on Terrace Hill in the City of Ithaca, New York. The general contractor was Streeter Associates, Inc. and the defendants, Paul Mancini & Sons are alleged to have had a subcontract for the excavation of a trench for the installation of the main water lines in the building being constructed. It is alleged that the defendants, Paul Mancini & Sons, failed to shore the trench pursuant to the provisions of section 241 of the New York State Labor Law and the applicable rules of the Board of Standards and Appeals promulgated thereunder. It was further alleged that the said John Hitchens was injured when the walls of the trench suddenly collapsed and that such accident was caused by the failure of the defendants, Paul Mancini & Sons, to shore up the trench pursuant to section 241 of the Labor Law and the rules of the Board of Standards and Appeals thereunder. There is no specific allegation of negligence or lack of contributory negligence contained in the complaint. Pursuant to demand therefor, plaintiff served a bill of particulars specifying rule 23-11 of the Board of Standards and Appeals (Industrial Code [in N. Y. Off. Comp, of Codes, Rules & Reg., 7th Supp., p. 401]) as being the applicable rule relied upon by it and attached to said bill of particulars a copy of such rule.
The defendants urge that the complaint sets forth a cause of action based upon a violation of the rules promulgated by the Board of Standards and Appeals and that the violation of such rules does not constitute negligence per se but rather can be considered only as some evidence of negligence. They rely upon Teller v. Prospect Heights Hosp. (280 N. Y. 456) and Schumer v. Caplin (241 N. Y. 346). These cases involve injury to window washers and the rules involved were of a different character than those involved in the rules promulgated by the Board of Standards and Appeals pursuant to section 241 of the Labor Law. For this reason, in my opinion, neither the Teller nor Schumer cases (supra) are applicable. Subdivision 6 of section 241 of the Labor Law reads as follows : 1 ‘ The board of standards and appeals may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection there *286 with, and the owners and contractors for such work shall comply therewith.”
The plaintiff urges that it is unnecessary to specifically allege negligence upon the part of the defendant or the freedom from contributory negligence on the part of John Hitchens for the reason that the provisions of section 241 of the Labor Law create a positive, nondelegable duty and that the failure of the defendants to comply with the provisions of subdivision 6 of section 241 is actionable per se and the worker’s contributory negligence is not a defense.
The question of the defense of contributory negligence is, in my opinion, settled in Koenig v. Patrick Constr. Co. (298 N. Y. 313, 317) wherein the court stated: 44 Irrespective of how the courts may once have viewed the question * * * it is our judgment that both sound reason and persuasive decisions, involving statutes whose content and purpose are similar to those of section 240, require the conclusion that that statute does not permit the worker’s contributory negligence to be asserted as a defense.” (See, also, Duncan v. Twin Leasing Corp., 283 App. Div. 1080.) The law is also well settled that the provisions of the. Labor Law enacted for the purpose of protecting a particular class of persons created a positive and nondelegable duty and that a violation thereof is actionable per se. This rule was established in Walters v. Rao Elec. Equip. Co. (289 N. Y. 57), which involved a violation of subdivision 4 of section 241 of the Labor Law. While this decision was by a divided court it was made unanimous the following year in Semanchuck v. Fifth Ave. & 37th St. Corp. (290 N. Y. 412). This case also involved a violation of section 241 of the Labor Law.
Judge Lehman, who dissented in the Walters case (supra), explained the basis of the majority opinion and affirmed it as the established law in the following language (Semanchuck v. Fifth Ave. & 37th St. Corp., supra, p. 421): 44 The conclusion of the dissenting judges was rejected on the ground that when the Legislature in section 241 of thé Labor Law imposed upon both the owner and contractor the positive command to provide the protection deemed appropriate by the Legislature in building and construction work, the purpose of the command and the nature of the duty created indicated a legislative intent that the general standards of 4 active ’ and 4 passive ’ negligence and the correlative obligations of wrongdoers based upon such distinctions which antedated the statute, should not be applicable within the field covered by the statute, to an omission to obey the statutory command.”
*287 The same rule was applied in Duncan v. Twin Leasing Corp. (283 App. Div. 1080, supra) to a violation of section 241-a of the Labor Law which, as amended by the Laws of 1949, included specifications of the Rules of the Board of Standards and Appeals. In Rufo v. Orlando (309 N. Y. 345, 350), the court followed the Walters and Semanchuclc cases {supra), and held that the same rule applies to subdivision 6 of section 241. This case involved the injury of a workman in a trench. The case here under consideration in my opinion, is much stronger than the Orlando case {supra) as far as the facts are concerned. In the Orlando case the injury occurred some time after the trench had been completed, the contractor’s work being finished. In the present case the injury occurred the day following the starting of work on the excavation. I am, therefore, of the opinion that the failure to allege negligence or the freedom from contributory negligence in the complaint does not make the same defective and that a good and sufficient cause of action is alleged in the complaint for a violation of subdivision 6 of section 241 of the Labor Law and the Rules of the Board of Standards and Appeals applicable thereto.
The motion is denied, with $10 costs. Order accordingly.