■ FRANK PARELLO, Respondent, v. CLOVER LEAF TOWERS CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. UNDERHILL CONSTRUCTION CORP., Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries, defendants third-party plaintiffs appeal from an interlocutory judgment of the Supreme Court, Richmond County, entered August 24, 1970 after a jury trial on the issues of liability only, (1) in favor of plaintiff against defendants on said issues, upon the trial court's direction of a verdict, and (2) dismissing the third-party complaint, upon the trial court's decision. Judgment modified, on the law, (1) by striking therefrom the first four decretal paragraphs, which are in favor of plaintiff against defendants on the issues of liability and provide for a hearing to assess damages, and (2) by granting a new trial as between said parties, with costs as between them to abide the event. As so modified, judgment affirmed and costs are granted to the third-party defendant against the third-party plaintiffs. Action severed accordingly. Plaintiff was an employee of Underhill Construction Corp., a subcontractor and the third-party defendant, working on construction of an apartment house for appellants, respectively the owner and the general contractor. He claims that, while working in an 8 by 16 foot elevator shaftway, he fell from a ladder between the fifth and sixth floors, landing on the bottom. These were two 8 by 8 foot shafts without a separation between them. The only evidence as to how the accident happened came from the mouth of plaintiff; there appears to have been another eyewitness who was not called by either side. Plaintiff testified that the ladders were within one shaft and they rested on plywood planking covering about half of the shaft. There were no other coverings in either shaft.

At one point plaintiff claimed he fell through the open shaft and at another time he testified he fell through the partially covered shaft. At the end of the trial, the third-party complaint was dismissed and plaintiff's motion for a directed verdict, on the ground that there had been a violation of section 241-a of the Labor Law, was granted. The test that should have been applied on plaintiff's motion for a directed verdict is whether, by any rational process, the jury could find for defendants (*Holmberg* v. *Donohue*, 24 A D 2d 569; *Wessel* v. *Krop*, 30 A D 2d 764). In our opinion the evidence presented did not, as a matter of law, exclude a defendants' verdict by any rational process. The only testimony besides that of plaintiff concerning the fall in the shaft came from his father, who claimed to have found his son at the bottom of the shaft. Since both are interested witnesses and the testimony of plaintiff was impossible of contradiction, the jury should have been permitted to pass on their credibility (*Christie* v. *B. F. Vineburg, Inc.*, 259 App. Div. 342; *Eluzar* v. *B. & G. Trailer Rental*, N. Y. L. J., Dec. 3, 1971, p. 2, col. 7). The third-party complaint was properly dismissed since plaintiff's sole reliance for recovery is predicated on section 241-a of the Labor Law. In the event plaintiff succeeds on the new trial, defendants will be active tort-feasors with no right of recovery over (*Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20; *North River Ins. Co.* v. *Alpine Development Corp.*, 33 A D 2d 912). Latham, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur; Benjamin, J., concurs in the affirmance as to the third-party defendant, but otherwise dissents and votes to affirm also as to plaintiff, with the following memorandum: It is undisputed that at the second floor the entire shaft was decked over and that there was no covering at all at the third and fourth floors. Plaintiff's witnesses said that only half of the opening was decked over at the fifth floor; and defendants' witness (the general contractor's construction superintendent) said that about three quarters of the opening was decked over at the fifth floor. Plaintiff testified he fell down the shaft, from a point between the fifth and sixth floors, and landed on the second floor; he was unsure whether he fell through the uncovered part of the shaft at the fifth floor or whether he fell through the decked-over part of the shaft at that level. Defendants' construction superintendent (their only material witness) testified that plaintiff fell down the elevator shaft; that the fifth floor decking fell down to the second floor; and that "to * * * [his] knowledge" plaintiff was removed from the shaft at the second floor level. And, most important, defendants' construction superintendent conceded (without contradiction by any other proof) that the plywood decking that had partially covered the opening at the fifth floor was only ⅝ths of an inch thick. A reading of defendants' proof thus makes it clear and undisputed that plaintiff fell down the elevator shaft from a point between the fifth and sixth floors, as plaintiff himself testified, with the only possible confusion being whether he fell through the uncovered part of the shaft or through the inadequately decked-over part which collapsed as he fell through the decking. On this proof, plaintiff was entitled to a verdict as a matter of law. Section 241-a of the Labor Law requires that elevator shaftways be protected by planking, *at least two inches thick*, one floor below where men are working "in or at" such shaftways. Here, there was a violation of that statute because only part of the shaftway was planked over at the fifth floor; and the statute was also violated because the planking was only ⅝ths of an inch thick. These violations of the statute imposed absolute liability on defendants and contributory negligence was not a defense (*Duncan* v. *Twin Leasing Corp.*, 283 App. Div. 1080, mot. for lv. to app. den. 307 N. Y. 943). It is irrelevant whether plaintiff fell through the uncovered part of the shaft

or the part that had been inadequately decked-over. In either case, the failure to comply with the statute was the proximate cause of his injuries; in either case the violation of the statute made defendants liable as a matter of law and contributory negligence was not a defense; and in either case plaintiff was entitled to a directed verdict on liability. The trial court was correct when it granted that relief and the judgment consequently should be affirmed in its entirety.