■ KATHRYN E. STAFFORD, as Limited Administratrix of RAY J. STAFFORD, Deceased, Appellant, v. MUSSERS POTATO CHIPS, INC. et al., Respondents.— Judgment reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: On April 17, 1966 at about 8:20 P.M. decedent's pickup truck was proceeding northerly on a two-lane macadam highway when it collided with defendant's southbound tractor-trailer at a point where there was a slight incline proceeding south. Decedent and his passenger were killed. There was no eyewitness to the accident. It was dark at the time. Skid marks from the southbound vehicle veered across into the northbound lane and debris was scattered all around. Photographs showing the conditions immediately after the accident were received in evidence. Although parts of defendant's examination before trial were read into evidence, no explanation for the accident was offered by defendant. At the close of plaintiff's proof the court granted defendant's motion for a nonsuit, severed defendant's counterclaim and continued the trial on the counterclaim. In our opinion upon all the proof a prima facie case was made out sufficient to go to the jury to determine liability in plaintiff's action. (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132.) ¶ The trial court based its dismissal on the testimony of the State Trooper who investigated the accident. He was permitted upon cross-examination to fix the point of impact in the southbound or defendant's lane of travel. We have previously held that the receipt into evidence of such testimony is error, since the Trooper was not qualified as an expert, and, even had he been, the conclusion he drew as to the point of impact was within the competence of the jury (*Sacco* v. *Bodwitch*, 34 A D 2d 885). The right to have a jury pass on questions of fact may be taken from them only when " by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence here presented" (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241, 245). The court should take that view of the evidence most favorable to the nonmoving

party and from the inferences reasonably to be drawn therefrom determine whether a verdict might properly and lawfully be found for the nonmoving party (*Wessel* v. *Krop,* 30 A D 2d 764). We are persuaded from a review of the facts and exhibits in this case that a verdict in favor of the plaintiff would not have to be set aside as legally insufficient. We note further that where plaintiff is dead and there is no eyewitness, the plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (*Noseworthy* v. *City of New York,* 298 N. Y. 76, 80). Finally, although plaintiff's attorney's objections were not made as timely as they should have been, the record makes clear that he did object to the Trooper's conclusions and took an appropriate exception to the Judge's order granting the motion of dismissal. We deem this sufficient to preserve the point for appeal and even were it not, we should reverse in the interest of justice (*Van* v. *Clayburn,* 21 A D 2d 144). All concur, except Moule, J., who dissents and votes to affirm, in the following memorandum: I dissent and vote to affirm. At the time of the accident, plaintiff's decedent's vehicle was traveling northbound and defendants' vehicle southbound. Plaintiff alleges that defendants' vehicle crossed the center line into the northbound lane causing the accident. Defendants' attorney asked a trooper, called by plaintiff, if defendants' vehicle had been traveling in the southbound lane and the court sustained an objection to the question. However, plaintiff's attorney did not object when the trooper testified that the point of impact was in the southbound lane and stated that he had no objection to the introduction into evidence of a picture on which the trooper had marked the point of impact as being in the southbound lane. ¶ This evidence tended to prove negligence on the part of the plaintiff's decedent and lack of negligence on the part of defendants and in the absence of an objection the question of its admissibility was not preserved for review (*People* v. *Vidal,* 26 N Y 2d 249; *Brady* v. *Nally,* 151 N. Y. 258, 264). However, even if this evidence were disregarded, there is no proof in the record that defendants were negligent and there is no rational basis on which a jury could find a verdict for the plaintiff (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241; *Greenberg* v. *Bar Steel Constr. Corp.,* 37 A D 2d 162). (Appeal from judgment of Steuben Trial Term dismissing complaint in automobile negligence action.) Present— Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.