■ GEORGE A. McLEOD et al., Appellants-Respondents, v FABIOLEON MARIN, Appellant, and FRANCISCO CASANOVA et al., Respondents.—In consolidated negligence actions to recover damages for personal injuries, (1) plaintiffs and defendant Marin appeal from (a) so much of an interlocutory judgment of the Supreme Court, Queens County, entered August 25, 1975, as is in favor of defendants Casanova upon the trial court's dismissal of the complaints against the said defendants at the close of the entire case, and (b) an order of the same court, dated August 20, 1975, which denied their motions for a new trial and (2) defendant Marin also appeals from the balance of the said interlocutory judgment, which is in favor of the plaintiffs and against him upon a directed verdict. Interlocutory judgment and order affirmed, with one bill of costs jointly to plaintiffs appearing separately and filing separate briefs. Trial Term correctly dismissed the complaints with respect to the defendants Casanova since, "by no rational process", could the trier of the facts base a finding against them upon the evidence presented. For the same reason, Trial Term's directed verdict against the defendant Marin should stand (see *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *Stafford v Mussers Potato Chips,* 39 AD2d 831; see, also, *Parello v Clover Leaf Towers Corp.,* 38 AD2d 731). Hopkins, Acting P. J., Cohalan, Damiani and Titone, JJ., concur; Shapiro, J., concurs as to the affirmance of the interlocutory judgment and order insofar as they are against defendant Marin, but otherwise dissents and votes to (1) reverse (a) the order insofar as it denied the motions of plaintiffs for a new trial as

against defendants Casanova and (b) so much of the interlocutory judgment as is in favor of the defendants Casanova upon the trial court's dismissal of the complaints against the said defendants, and (2) grant the said motions, with the following memorandum: While the directed verdict against defendant Marin was proper, the dismissal of the complaints as against the defendants Casanova was improper. As to the latter defendants, a question of fact was raised, however improbable it is that plaintiffs may receive a favorable jury verdict.