■ ALBERT HORTON, Appellant, v CHARLES SMITH, Respondent.—Appeal from a judgment of the Supreme Court, entered June 23, 1978 in Otsego County, upon a verdict rendered at a Trial Term, in favor of defendant. This action to recover damages for personal injuries arose out of an accident which occurred at about 9:30 P.M. on September 24, 1976 when defendant, who was driving a 1969 Ford van, turned left on Main Street into Elm Street in Oneonta, New York, and struck the plaintiff, a pedestrian, crossing Elm Street. Main Street runs in a generally east-west direction and Elm

Street runs in a north-south direction intersecting with Main Street. The sidewalk on the north side of Main Street is about 12 feet wide, and a seven-foot-wide crosswalk was painted across Elm Street between the sidewalks on the north side of Main Street. Plaintiff testified that prior to the accident, he was walking in an easterly direction on the north side of Main Street and stopped at the corner. He started walking along in the crosswalk, toward the middle of it and inside it. He first became aware of an approaching vehicle by the sound of the engine, just before the impact. On cross-examination, he stated that he was about in the center of Elm Street when he heard the noise of the engine, and did not hear any brakes before the impact. He could not recall whether he stopped or continued to walk when he saw the approaching vehicle. He also testified that he walks at a brisk pace, and, after some hesitation, stated he didn't walk at the same pace in the street as he did on the sidewalk. Raymond Stilson, testifying on behalf of plaintiff, stated that he was working in the window area of the shoe repair shop at the northwest corner of Elm and Main Streets, and plaintiff waved to him as he passed. He saw plaintiff proceed up Main Street, step off the curb and start across Elm Street in the crosswalk. He also testified he saw a blue van turn off Main Street into the left lane of Elm Street and strike plaintiff. He recalled the van came to a stop with the rear wheels inside the crosswalk and the front wheels beyond the crosswalk. Defendant testified that immediately prior to the accident he was driving east on Main Street, slowed or stopped at the intersection to let a car go by, and turned left on Elm Street accelerating to a speed of about 10 to 15 miles per hour, and, as he entered the crosswalk, saw plaintiff about three or four feet north of the crosswalk, whereupon he applied his brakes as hard as he could. He stated he skidded about six to eight feet and was almost totally stopped at the time of the impact. According to the skid marks, the front tires of his van were four or five feet beyond the crosswalk where it stopped. David McCook testified that plaintiff was walking fast, almost running up Main Street, and defendant's van was moving slowly. He stated that the impact occurred to the north of the crosswalk. Officer Kenneth Puffer, who investigated the accident, testified that the skid marks extended a few feet beyond the crosswalk. He was asked if he was able to determine or fix the point of impact based upon his observations at the scene. He then testified without objection on the part of plaintiff that the point of impact was just in front of the van within a matter of inches. The jury returned a verdict of no cause of action in favor of defendant. Plaintiff contends that it was reversible error to allow the expert testimony of Officer Kenneth C. Puffer with regard to the point of impact. In *Lee v De Carr* (36 AD2d 554), this court upheld the admission of a diagram, and the testimony of an investigating police officer which located the point of impact, although he had not witnessed the accident, on the basis that it was not based upon statements made by the parties, but rather upon his own factual observations of the vehicles, which had not been moved, and of the skid marks at the scene. The testimony of the investigating officer in this case falls squarely within *Lee v De Carr (supra),* and the receipt of his testimony does not constitute reversible error. Plaintiff's contention that the verdict of the jury is against the weight of the evidence is also without merit. The record contains conflicting testimony with respect to the issue of whether or not the plaintiff was within the crosswalk. Plaintiff's contention that defendant was negligent as a matter of law since all testimony placed his vehicle at the time of impact to the left of the center of Elm Street is also without merit. While the testimony placed the defendant's van at various points to the left of the center of the street,

the jury could reasonably conclude that the impact was a bit left of center, but that location was not the proximate or significant cause of the accident. On this record, it cannot be said that the jury's verdict resolving the issues of fact presented to it is one with which reasonable men would not agree, and it should not, therefore, be disturbed *(Hogeboom v Protts,* 30 AD2d 618). Judgment affirmed, without costs. Greenblott, J. P., Sweeney and Staley, Jr., JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum; Main, J., not taking part. Mikoll, J. (dissenting). I respectfully dissent. A crucial issue in this trial was the point of impact between defendant's vehicle and plaintiff, a pedestrian. There was contradictory evidence on both sides as to where the accident occurred. Plaintiff alleges that he was struck by defendant while in the crosswalk. Defendant, on the other hand, claims impact occurred a few feet north of the crosswalk. Witnesses supported both versions. The court, over the twice registered objection of plaintiff's counsel, permitted Police Officer Puffer to testify as to where the point of impact was. Officer Puffer did not witness the accident. To allow him to testify as to point of impact invaded the province of the jury and was extremely prejudicial to plaintiff's case *(Stafford v Mussers Potato Chips,* 39 AD2d 831). The question arises as to how Officer Puffer could locate the point of impact when plaintiff's body had been thrown some distance and he was not present to see where in the course of its movement defendant's car had struck the plaintiff. He should have been allowed merely to testify to any physical evidence found at the scene. *Lee v De Carr* (36 AD2d 554) is inapposite. At issue in that case was the admission of a diagram prepared by a State Trooper, which merely reflected what he saw in terms of skid marks and the resulting positions of vehicles at the accident scene before they had been moved. The diagram contained information actually observed by the witness. This is at great variance from the case at hand. The judgment should be reversed and a new trial ordered.