■ SULLIVAN & SONS, INC., Respondent, v SUPERIOR DRY WALL SYSTEMS CORP., et al., Appellants. — In an action to set aside the transfer of certain real property, defendants appeal from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated August 30, 1983, which, after a nonjury trial, *inter alia,* set aside the conveyance.

Judgment affirmed, with costs.

The transfer to Superior Carpentry Contractors, Inc. of certain real property amounted to a preferential transfer, in derogation of plaintiff's rights, and thus lacked the indispensable element of good faith. Consequently, the conveyance was properly set aside (*see,* Debtor and Creditor Law §§ 272, 273; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425, 432-433, *lv dismissed* 58 NY2d 970; *Southern Indus. v Jeremias,* 66 AD2d 178; *Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, 215, *affd* 48 NY2d 954). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ MARIO VITTI et al., Appellants, v F. W. MALONEY et al., Respondents. (And a Third-Party Action.) — In an action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered October 31, 1983, as denied their cross motion for partial summary judgment on the issue of liability.

Order affirmed insofar as appealed from, with costs.

A thorough review of the record indicates that there are several issues of fact which warrant a trial and which thereby preclude summary judgment (*see, Lagzdins v United Welfare Fund-Security Div. Marriott Corp.,* 77 AD2d 585; *Parello v Clover Leaf Towers Corp.,* 38 AD2d 731). Moreover, summary judgment may be properly denied where, as here, the facts surrounding the accident are solely within the knowledge of the moving party (*see, Parsolano v County of Nassau,* 93 AD2d 815). Accordingly, we affirm the order insofar as appealed from. Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.