■ MATTHEW SENKEN, Appellant, v JAMES W. EKLUND et al., Defendants and Third-Party Plaintiffs-Respondents. REICH & EKLUND CONSTRUCTION COMPANY, INC., et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated January 11, 1988, as denied his motion for partial summary judgment as to liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 13, 1984, the defendants James and Linda Eklund were the owners of a one-family residence on Shelter Island in Suffolk County. The plaintiff Matthew Senken was injured on that date as a result of a fall from the roof of a two-story extension to the defendants' home. The defendant James Eklund was a partner in the firm of Reich & Eklund Construction Company, which employed the plaintiff. Following the accident, the plaintiff was awarded workers' compensation benefits as an employee of Reich & Eklund Construction Company.

The plaintiff commenced this action against the defendants James and Linda Eklund as owners of the subject real property. The defendants asserted as an affirmative defense that the plaintiff's sole remedy was his claim for workers' compensation (Workers' Compensation Law §§ 11, 29 [6]) and impleaded as a third-party defendant the plaintiff's employer, which had since been incorporated.

With regard to the happening of this accident, the plaintiff recalls only that he was working on the roof of the defendants' house and was kneeling and eating a sandwich and does not know how the accident occurred. The defendant James Eklund testified at an examination before trial that he had not witnessed the accident but had heard accounts from

the plaintiff's co-workers. At the time of the accident, there apparently were four other persons at the site. No depositions had been taken of those witnesses at the time of the making of the plaintiff's motion for partial summary judgment. Nor was the codefendant Linda Eklund deposed. Based on the defendant James Eklund's admissions that no safety devices were provided for the plaintiff's use in conjunction with scaffolding at the site, the plaintiff made his motion for partial summary judgment under Labor Law § 240 (1). The Supreme Court denied the motion "on the basis that it is premature and. * * * should await the completion of discovery and examinations before trial".

Labor Law § 240 (1) mandates that an owner supply certain safety devices necessary to provide a worker with proper protection and imposes absolute liability for injuries proximately caused by the failure to do so (Zimmer v Chemung County Performing Arts, 65 NY2d 513). However, there is a statutory exception for owners of one- and two-family dwellings who contract for but do not direct or control the work. The plaintiff contends that the defendants were not entitled to the protection of the statutory exception as the records of Reich & Eklund Construction Company were maintained in the defendants' home, and the defendant James Eklund testified that part of the proposed extension was intended to provide office space for his business pursuits which included Reich & Eklund Construction Company. Moreover, the plaintiff claimed that the defendants directed and controlled his work.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by the tender of sufficient evidence to eliminate any material issues of fact from the case (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851; Wertheimer v Paley, 137 AD2d 680). The plaintiff did not establish his right to judgment as a matter of law. There are a number of material issues related to the circumstances of the accident, the proximate cause of the plaintiff's fall, the applicability of one- and two-family house exception to Labor Law § 240 (1), and the relationships among the parties, including whether this action is barred by the Workers' Compensation Law. While these issues may ultimately be resolved as a matter of law, it is appropriate in this case that discovery be completed first.

Therefore, the Supreme Court correctly determined that the plaintiff's motion for partial summary judgment should be

denied as premature. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.