■ Francis Donohue, Appellant, v Elite Associates, Inc., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), entered March 22, 1988, which denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's present contention, he has failed to demonstrate his entitlement to judgment as a matter of law under Labor Law § 240 (1). Assuming that the ladder from which he fell was not equipped with any safety devices (an issue which the plaintiff's deposition testimony renders unclear), he has failed to adequately establish that the absence of such safety devices constituted a proximate cause of his injuries (see generally, *Duda v Rouse Constr. Corp.*, 32 NY2d 405; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468). Indeed, the vague and sometimes contradictory statements of the plaintiff in his deposition testimony, his amended verified bill of particulars, and his affidavit in support of the motion for summary judgment fail to demonstrate the manner in which

the accident occurred and the proximate cause of his fall *(see, e.g., Senken v Eklund,* 150 AD2d 671; *Antunes v 950 Park Ave. Corp.,* 149 AD2d 332). Moreover, the denial of summary judgment is appropriate where the injured party is the sole witness to the accident, as the salient facts are exclusively within his knowledge and his credibility is placed in issue *(see, Antunes v 950 Park Ave. Corp., supra; Vitti v Maloney,* 109 AD2d 836; *Parsolano v County of Nassau,* 93 AD2d 815; *Parello v Clover Leaf Towers Corp.,* 38 AD2d 731).

Inasmuch as the plaintiff has failed to establish a prima facie entitlement to judgment as a matter of law, his contention that the papers submitted in opposition to the motion were legally inadequate is rendered irrelevant *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Andersen v Betz,* 150 AD2d 743). Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.