■ ANTHONY ONORINO, Respondent-Appellant, v HALMAR EQUITIES, INC., Doing Business as HALMAR, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. ONORINO BROS., Third-Party Defendant-Respondent-Appellant. [699 NYS2d 899] —In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff Halmar Equities, Inc., d/b/a Halmar appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated November 17, 1998, as denied its motion for conditional summary judgment on the issue of common-law indemnification, (2) the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the issue of liability under Labor Law § 240 (1), and (3) the third-party defendant Onorino Bros. cross-appeals, as limited by its brief, from so much of the same order as denied its motion to vacate the note of issue.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant third-party plaintiff for conditional summary judgment on the issue of common-law indemnification and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements.

When the plaintiff applied for Worker's Compensation he alleged that he was injured when he fell as he was descending a ladder from a scaffold on which he had been working. When he was deposed in connection with the instant action he claimed that he had fallen from a makeshift scaffold that he had constructed by stacking a wooden pallet and several cardboard

boxes across the arms of a forklift and then placing a piece of plywood on top of the boxes. In his affidavit in support of his motion for summary judgment he alleged that he initially lied about how the accident occurred because he was "medicated", and was advised by his uncle, the owner of the third-party defendant, Onorino Bros., to state that he was injured by falling from a ladder. Accordingly, there are questions of fact which preclude judgment as a matter of law in favor of the plaintiff (*see, Alava v City of New York,* 246 AD2d 614; *Donohue v Elite Assocs.,* 159 AD2d 605).

The Supreme Court properly denied the motion of Onorino Bros., the third-party defendant, to vacate the note of issue, since it failed to establish good cause for its delay in making the motion or that a material fact in the certificate of readiness was incorrect (*see,* 22 NYCRR 202.21 [e]).

The Supreme Court erred in denying the motion of the defendant third-party plaintiff, Halmar Equities, Inc., d/b/a Halmar (hereinafter Halmar) for conditional summary judgment on the issue of common-law indemnification against Onorino Bros. Representatives of Halmar did no more than receive status reports, occasionally visit the jobsite to ensure that the job was being completed according to the contract specifications, and generally check with Onorino Bros. to evaluate the project. There is no evidence that Halmar controlled or supervised the work (*see, Werner v East Meadow Union Free School Dist.,* 245 AD2d 367; *Richardson v Matarese,* 206 AD2d 354). Accordingly, inasmuch as Onorino Bros. failed to submit proof establishing that the liability of Halmar was anything but vicarious, Halmar is conditionally entitled to summary judgment on its claim for common-law indemnification pending a determination of the main action. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.