(May 24, 2005)

■ AMARA DEMBRA DOUCOURE, Appellant, v ATLANTIC DEVELOPMENT GROUP, LLC, Respondent, MC AND O CONSTRUCTION, INC., Respondent-Respondent, and OGDEN AVENUE ASSOCIATES, L.P., Appellant. ATLANTIC DEVELOPMENT GROUP, LLC, et al., Third-Party Plaintiffs, v JOY CONSTRUCTION CORP., Third-Party Defendant-Respondent. [796 NYS2d 48]—

Order, Supreme Court, Bronx County (Patricia Anne Wil-

liams, J.), entered April 8, 2004, which, inter alia, denied plaintiff's motion seeking summary judgment as to liability on his Labor Law § 241-a claim, granted defendants' cross motions seeking summary judgment insofar as to dismiss plaintiff's Labor Law § 240 (1) claim and to dismiss his Labor Law § 241-a claim as against defendants Atlantic Development Group, LLC and MC and O Construction, Inc., and denied the cross motion of defendant Ogden Avenue Associates, L.P., seeking summary judgment upon its cross claim for contractual indemnification against MC and O Construction, Inc., unanimously modified, on the law, to grant Ogden's cross motion insofar as it seeks contractual indemnification, and otherwise affirmed, without costs.

Plaintiff, a construction worker, was injured when a piece of concrete debris chipped loose by an employee of the masonry subcontractor, defendant MC and O Construction, fell down the elevator shaft of defendant Ogden's building, and struck him on the head.

Labor Law § 241-a requires that workers in elevator shafts be safeguarded by "sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men," and it is undisputed that plaintiff had been instructed to pump water out of the shaft after the planking had already been removed. Accordingly, a violation of Labor Law § 241-a is established. However, although the defense of comparative negligence is unavailable to a defendant whose violation of Labor Law § 241-a has been shown to be a proximate cause of a plaintiff's injury (*see Horan v Dormitory Auth.*, 43 AD2d 65 [1973]; *Koploff v St. Vincent Ferrer Church*, 39 AD2d 581 [2d Dept 1972], *lv dismissed* 30 NY2d 949 [1972]; *Duncan v Twin Leasing Corp.*, 283 App Div 1080 [2d Dept 1954]; 52 New York Jur 2d, Employment Relations § 306), here, a factual question is presented as to whether this violation constituted a proximate cause of the accident. Therefore, plaintiff's entitlement to judgment as a matter of law upon his section 241-a claim as against Ogden was not established. The claim was properly dismissed as against MC and O Construction and Atlantic Development since neither was an agent of the owner for purposes of imposing liability under the statute.

Turning to plaintiff's Labor Law § 240 (1) claim, we note that "for section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the

kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Accordingly, here, because the concrete chip that struck plaintiff was neither being hoisted nor secured at the time of the accident, plaintiff has no viable claim under Labor Law § 240 (1).

We modify only to grant defendant Ogden summary judgment upon its cross claim for contractual indemnification against MC and O Construction since the record establishes that any liability on its part would be purely statutory (*see Correia v Professional Data Mgt., Inc.*, 259 AD2d 60, 65 [1999]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Buckley, P.J., Saxe, Sullivan, Nardelli and Gonzalez, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on November 18, 2004 (12 AD3d 252 [2004]) is hereby recalled and vacated and a new decision and order substituted therefor.