■ FRANKLIN KING et al., Appellants, v GERALD VILLETTE et al., Respondents. [63 NYS3d 500]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated April 15, 2015, as granted those branches of the defend-

ants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and denied their cross motion for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1), and (2) from an order of the same court dated July 29, 2015, which denied their motion for leave to renew and/or reargue their prior cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and their opposition to those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6).

Ordered that the order dated April 15, 2015, is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1), and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16, and substituting therefor provisions denying those branches of the motion; as so modified, the order dated April 15, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated July 29, 2015, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]); and it is further,

Ordered that the appeal from so much of the order dated July 29, 2015, as denied that branch of the plaintiffs' motion which was for leave to renew their opposition to those branches of the defendants' prior motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1), and so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.16, is dismissed as academic in light of our determination on the appeal from the order dated April 15, 2015; and it is further,

Ordered that the order dated July 29, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Franklin King (hereinafter the injured plaintiff) allegedly fell and sustained injuries while performing stucco work on the back of a four-story, three-family residential build-

ing owned by the defendants. The injured plaintiff testified at his deposition that, after he had completed one day of work, the defendant Gerald Villette instructed him to remove a wooden scaffold that he had constructed and "finish the job fast," because a building inspector was coming. The injured plaintiff dismantled the scaffold and continued the work the following day by standing on a makeshift "scaffold" consisting of planks placed on a ladder that was laid horizontally across a fire escape and connected to the fire escape with wire. The ladder tipped over after the injured plaintiff placed a five-gallon container filled with stucco material on one end of it, and the injured plaintiff fell. Although the injured plaintiff was wearing a harness and safety line, the safety line was too long to prevent him from hitting the ground.

The injured plaintiff, and his wife suing derivatively, commenced this action, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). The defendants moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiffs' causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and denied the plaintiffs' cross motion. The plaintiffs moved for leave to renew and/or reargue, and the court denied the motion. The plaintiffs appeal.

Under Labor Law § 240 (1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513 [1991]; Cacanoski v 35 Cedar Place Assoc., LLC, 147 AD3d 810, 811 [2017]). "In order to prevail on a claim under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that this violation was a proximate cause of his or her injuries" (Sprague v Peckham Materials Corp., 240 AD2d 392, 393 [1997]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). No recovery is available under Labor Law § 240 (1) when the plaintiff's actions were the sole proximate cause of the accident (see Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290).

Here, the evidence submitted on the defendants' motion for summary judgment failed to establish, prima facie, that no statutory violation occurred, or that the alleged violation was not a proximate cause of the accident (*see Norwood v Whiting-Turner Contr. Co.*, 40 AD3d 718 [2007]). Therefore, the Supreme Court erred in granting the branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) (*see Mata v Park Here Garage Corp.*, 71 AD3d 423, 424 [2010]). Nevertheless, because the injured plaintiff provided conflicting accounts of how the accident occurred, the court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability with respect to Labor Law § 240 (1) (*see Albino v 221-223 W. 82 Owners Corp.*, 142 AD3d 799, 800-801 [2016]; *Jones v West 56th St. Assoc.*, 33 AD3d 551, 552 [2006]; *Onorino v Halmar Equities*, 267 AD2d 286, 286-287 [1999]).

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide workers with a reasonably safe place to work (*see DeFelice v Seakco Constr. Co., LLC*, 150 AD3d 677, 678 [2017]; *Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 868 [2005]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see DeFelice v Seakco Constr. Co., LLC*, 150 AD3d at 678). "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61).

Here, the cause of action arose out of alleged defects or dangers in the methods or materials of the work. The defendants failed, prima facie, to eliminate triable issues of fact as to whether Villette had the authority to supervise or control the injured plaintiff's work, and as to causation (*see Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981, 982-983 [2016]; *Hurtado v Interstate Materials Corp.*, 56 AD3d 722, 723 [2008]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200.

Labor Law § 241 (6) imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection

and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501-502). Here, the plaintiffs alleged, inter alia, a violation of Industrial Code (12 NYCRR) § 23-1.16, which requires, in relevant part, that safety belts and harnesses be properly attached to a tail line or lifeline so that "if the user should fall such fall shall not exceed five feet" (12 NYCRR 23-1.16 [b]). Section 23-1.16 is specific enough to support a cause of action under Labor Law § 241 (6) (*see Anderson v MSG Holdings, L.P.*, 146 AD3d 401, 404 [2017]), and, under the facts presented, the defendants failed, prima facie, to establish that the alleged violation was not a proximate cause of the accident. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was predicated on a violation of 12 NYCRR 23-1.16.

The parties' remaining contentions are without merit. Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.