Lorde v Margaret Tietz Nursing & Rehabilitation Ctr. (2018 NY Slip Op 04542)





Lorde v Margaret Tietz Nursing & Rehabilitation Ctr.


2018 NY Slip Op 04542


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-00370
 (Index No. 12189/11)

[*1]Thomas Lorde, appellant, 
v
Margaret Tietz Nursing and Rehabilitation Center, respondent.


Kelner and Kelner, New York, NY (Gail S. Kelner of counsel), for appellant.
James R. Pieret (Bartlett, McDonough & Monaghan, LLP, White Plains, NY [David C. Zegarelli], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated December 7, 2015. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
On October 14, 2010, the plaintiff, a carpenter, allegedly was injured while performing renovation work at premises owned by the defendant. At the time of the accident, the plaintiff was installing sheetrock on the ceiling of the sixth floor dining room. The plaintiff began his work using a ladder to take measurements, and then returned the ladder to one of his coworkers who had been using it first. The plaintiff then stood on an inverted bucket to reach the ceiling and the bucket tilted, causing him to fall.
In May 2011, the plaintiff commenced this action against the defendant to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. In the order appealed from, the Supreme Court denied the

motion. The plaintiff appeals.
"Under Labor Law § 240(1), owners and general contractors, and their agents, have a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (King v Villette, 155 AD3d 619, 621; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Allan v DHL Express [USA], Inc., 99 AD3d 828, 833; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287). "Liability under section 240(1) does not attach when the safety devices that plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and plaintiff knew he was expected to use them but for no good reason chose not to do so, causing an accident. In such cases, plaintiff's own negligence is the sole proximate cause of his injury" (Gallagher v New York Post, 14 NY3d 83, 88; see Montgomery v Federal Express Corp., 4 NY3d 805, 806; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d [*2]35, 40). 
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. In support of his motion, the plaintiff submitted transcripts of his deposition, in which he testified that there were ladders and Bakers scaffolds kept on the job site. In addition, the plaintiff testified that he had previously requested more ladders when he first started working on the project and that additional ladders were supplied. The plaintiff testified that on the day of his accident, he stood on the inverted bucket because the other ladders in the dining room were in use. However, the plaintiff, who was among a group of six workers, also testified that he could not recall how many ladders were in the dining room at the time of his accident, and that he did not know if there were more than six ladders available at the job site. Moreover, the plaintiff testified that he did not leave the dining room area to look for a ladder. The plaintiff's testimony failed to eliminate all triable issues of fact as to whether there were ladders available at the job site at the time of the accident, and whether the plaintiff's decision to stand on the bucket was the sole proximate cause of his injury (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555; Montgomery v Federal Express Corp., 4 NY3d at 806). Further, to meet his prima facie burden, the plaintiff could not rely upon the affidavit of his coworker, which was submitted for the first time with the plaintiff's reply papers (see Gairy v 3900 Harper Ave., LLC, 146 AD3d 938, 939).
Accordingly, in light of the plaintiff's failure to meet his prima facie burden, we agree with the Supreme Court's determination to deny his motion for summary judgment, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). 
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court