■ BRIAN FARRELL, Respondent, v ANDREW H. PRENTICE et al., Appellants. [615 NYS2d 127] —Casey, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 12, 1993 in Saratoga County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff, a United States Postal Carrier, commenced this action to recover damages for injuries resulting from a fall he sustained on or about February 28, 1989 while delivering mail to premises in the City of Glens Falls, Warren County, owned by defendants Andrew H. Prentice and Heidi S. Prentice, a portion of which was leased by defendant Karen Degner. The action sounds in negligence based on the failure of defendants

---

to clear snow and ice from the vicinity of the mailbox for a period of several days which allowed significant accumulations, creating a dangerous condition for plaintiff who had to come upon the property to deliver mail. Two notices to remedy the condition had been left in the mail box by plaintiff within a week prior to his fall. He left a third notice just before he fell. Degner's lease required her to keep the driveway and walkways clear of snow and ice during the winter months.

Defendants moved for summary judgment. Degner alleges that she had left the area on a vacation in Puerto Rico on February 24, 1989 and did not return until March 8, 1989, so that she had no knowledge or notice of the condition that caused plaintiff's fall in time to correct it. She further alleges that the duty she assumed under the lease in regard to the driveway and walkways was for the benefit of the landlord only. Thus, Degner claims that she is entitled to summary judgment dismissing the complaint against her. The Prentices claim, without dispute, that they were absentee landlords, who resided in Monroe County at the time of plaintiff's accident and had no duty for removal of snow or ice because such duty was assumed by Degner.

In our view, none of the defendants has made a showing sufficient to establish, prima facie, an entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557). Accordingly, their motions were properly denied by Supreme Court.

Degner, who was in possession and control of one of the apartments, had assumed the duty of removing snow and ice in the lease. Although she was on vacation at the time of plaintiff's accident, a question of fact arises as to whether the duty she assumed was breached by her failure to protect against a condition reasonably to be foreseen (cf., McGill v Caldors, Inc., 135 AD2d 1041). Despite Degner's lack of actual knowledge or notice of the accumulated snow and ice because of her absence from the area on vacation, the evidence that the dangerous condition existed for a significant period of time raises a question of fact on the issue of constructive notice, "since a negligent failure to discover a condition that should have been discovered can be no less a breach of due care than a failure to respond to actual notice" (Blake v City of Albany, 48 NY2d 875, 877).

The Prentices were residing in Monroe County at the time of the accident. This factor, however, does not relieve them of

the duty imposed upon them as owners. They had not transferred possession and control of the entire premises at the time of plaintiff's accident *(cf., Del Giacco v Noteworthy Co., 175 AD2d 516).* Only the apartment leased by the tenant was beyond the possession and control of the Prentices. The remainder of the premises remained in their control. As owners they had a duty to keep the premises in a reasonably safe condition *(see, Basso v Miller, 40 NY2d 233, 241).* Whether in the circumstances this duty was breached by their failure to correct the condition which caused plaintiff's fall is a question of fact. Accordingly, the order of Supreme Court denying summary judgment to all defendants should be affirmed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.