■ GREGORY R. FEHRENBACHER, Appellant, v HOWARD BERL, Respondent. [658 NYS2d 129] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 29,

1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendant and his wife were the owners of a house. In November 1988 the defendant placed the house on the market for sale and moved to California, leaving a set of keys to the house with a real estate agent. In August 1989 the defendant and his wife contracted to sell the house. A few days later, the plaintiff, who is a plumbing and heating subcontractor, allegedly sustained injuries while inspecting the premises for the purpose of providing the contract vendees with an estimate for a new heating system.

Upon the defendant's motion for summary judgment dismissing the complaint, the Supreme Court concluded that the defendant owed no duty to the plaintiff and granted the motion. We disagree. As owner of the property, the defendant owed a duty to keep it in a reasonably safe condition, considering all of the circumstances including the purpose of the plaintiff's presence and the likelihood of injury (see, Macey v Truman, 70 NY2d 918, 919; Basso v Miller, 40 NY2d 233). Despite the fact that the defendant moved to California, he never relinquished the right to control or possess the premises (see, Farrell v Prentice, 206 AD2d 799; cf., Bowles v City of New York, 154 AD2d 324; Oquendo v Mid Mem Corp., 103 AD2d 705). His duty to keep the property in a reasonably safe condition continued at the time of the plaintiff's injuries, and it cannot be said as a matter of law that the defendant did not breach that duty.

The defendant's remaining contentions are without merit. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.