■  DAVID CARLSON et al., Appellants, v JANE D. LYON et al., Respondents. [734 NYS2d 358] —Crew III, J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 30, 2001 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendant Jane D. Lyon resided in a home in the Town of Woodstock, Ulster County, which was owned by defendant Jane D. Lyon Irrevocable Trust. Prior to leaving for vacation in December 1998, Lyon arranged to have her housekeeper, Lena Woodward, inspect the residence on a daily basis and for Bruce Buton, who had performed odd jobs for Lyon in the past, to plow the driveway and shovel the walk in the event that more than two or three inches of snow accumulated on the property in her absence. It also appears from the record that Lyon was aware that the local police department would send an officer to check on her property while she was away.

On January 3, 1999, during Lyon's absence, a severe ice storm struck the Woodstock area. The following day, between 10:00 A.M. and 11:00 A.M., Woodward drove to Lyon's residence and observed that the driveway, walkway and stairs at the residence were covered with a sheet of ice. Woodward testified at

her examination before trial that she then telephoned Buton and left a recorded message for Buton to proceed to Lyon's residence and "put [down] salt or whatever and chop the ice off." Buton did not return Woodward's call, and Woodward did not return to the premises later that day to verify that the requested work had been performed.

On January 5, 1999, at approximately 1:50 A.M., plaintiff David Carlson, a police officer employed by the Town of Woodstock, arrived at Lyon's residence to inspect the premises and, shortly thereafter, fell on the steps leading to the residence, allegedly sustaining serious injuries. Carlson testified at his examination before trial that although he did not recall seeing any ice on the driveway, walkway or stairs prior to his fall, he did observe a heavy coat of ice on the stairs after he fell.

Carlson and his spouse, derivatively, thereafter commenced this action against defendants seeking to recover for the injuries he allegedly sustained during the fall. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint, contending, *inter alia*, that they neither created nor had actual or constructive notice of the icy condition allegedly existing on the property. Supreme Court granted defendants' motion, prompting this appeal by plaintiffs.

In granting defendants' motion for summary judgment dismissing the complaint, Supreme Court found, as a matter of law, that Lyon "took all the reasonable steps she could have taken to protect persons coming to the premises." In our view, the record as a whole raises numerous questions of fact and, as such, Supreme Court erred in granting defendants' motion.

The case law makes clear that " 'a party in possession or control of real property has a reasonable time after the cessation of a storm to take corrective action to remedy hazardous snow and ice-related conditions created by the storm' " (*Wood v Converse*, 263 AD2d 860, 861, quoting *Ruck v ISS Intl. Serv. Sys.*, 236 AD2d 702; *see, Jensen v Roohan*, 233 AD2d 587, 588). Although defendants emphasize that Lyon was out of State at the time of Carlson's accident, the mere fact that Lyon was on vacation did not absolve defendants of their duty to maintain the property in a reasonably safe condition (*see, Fehrenbacher v Berl*, 240 AD2d 466, 467; *Farrell v Prentice*, 206 AD2d 799, 800). Similarly, while Lyon indeed had made arrangements for Buton to plow and shovel in the event that more than two or three inches of snow accumulated on the property in her absence, it is not clear from the record what, if any, arrangements Lyon made with Buton regarding ice conditions. Fur-

ther, there remains a question of fact as to the exact nature of the relationship between Lyon and Woodward—specifically, what directions were given to Woodward regarding the care of the property and the scope/extent of Woodward's authority relative thereto. Finally, questions of fact exist as to whether an employer-employee relationship existed between Woodward and Lyon such that Woodward's actions in dealing with the ice situation, if determined to have been unreasonable, could properly be imputed to Lyon on a theory of respondeat superior. Accordingly, Supreme Court's order granting defendants' motion for summary judgment dismissing the complaint is reversed.

Cardona, P. J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.