■ RONALD ROBERTSON et al., Respondents-Appellants, v ANTHONY M. MASIELLO et al., Appellants-Respondents. [801 NYS2d 871]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered January 11, 2005 in a personal injury action. The order, among other things, granted that part of defendants' motion seeking summary judgment

dismissing the complaint to the extent that plaintiffs allege that they had actual notice of the allegedly dangerous condition on their property.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Ronald Robertson (plaintiff) when he slipped and fell outside the entrance to defendants' residence. According to plaintiffs, defendants were negligent in allowing ice to accumulate in the area where plaintiff fell and they had both actual and constructive notice of the dangerous condition. We agree with defendants that Supreme Court properly granted that part of their motion seeking summary judgment dismissing the complaint to the extent that plaintiffs allege that they had actual notice of the allegedly dangerous condition. Defendants met their initial burden with respect to actual notice by submitting evidence establishing that they were away on vacation at the time of the accident and were not aware of the allegedly dangerous condition, and plaintiffs failed to raise a triable issue of fact (*see Smith v Smith*, 289 AD2d 919, 920 [2001]). We agree with plaintiffs, however, that the court properly denied that part of defendants' motion seeking summary judgment dismissing the complaint to the extent that plaintiffs allege that defendant had constructive notice of the allegedly dangerous condition. Defendants were not relieved of their duty to maintain their property in a reasonably safe condition and "to protect against a condition reasonably to be foreseen" while they were away on vacation (*Farrell v Prentice*, 206 AD2d 799, 800 [1994]). Further, the opinion of defendants' expert meteorologist that the weather conditions did not favor the formation of ice does not conclusively refute the testimony of plaintiff and his coworker that the area in which the accident occurred was icy (*see Sweeney v Lopez*, 16 AD3d 1174, 1175 [2005]; *see also Jordan v Musinger*, 197 AD2d 889 [1993]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.