■ JUDITH DESPOSITO, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant, et al., Defendants. [866 NYS2d 248]—

In an action to recover damages for personal injuries, etc., the

defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Saitta, J.), dated June 28, 2007, as, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident and a jury verdict on the issue of damages finding that the plaintiff Judith Desposito sustained damages in the sum of $562,000 for past pain and suffering and $395,833.33 for future pain and suffering, and upon the denial of its motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict as a matter of law, or to set aside the jury verdict as against the weight of the evidence, or to set aside the damages award as excessive, is in favor of the plaintiff Judith Desposito and against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"Where, as here, a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained roadway unless either it has received prior written notice of the defect or an exception to the prior written notice requirement applies" (*Griesbeck v County of Suffolk*, 44 AD3d 618, 619 [2007]; *see Marshall v City of New York*, 52 AD3d 586 [2008]; *see also* Administrative Code of City of NY § 7-201 [c] [2]). An exception to the prior written notice requirement applies only where, through an act of negligence, the municipality affirmatively creates the defect by doing work that immediately results in the existence of a dangerous condition, or where the municipality makes special use of the property on which the defect is located resulting in a special benefit to the locality (*see Yarborough v City of New York*, 10 NY3d 726 [2008]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]).

The evidence adduced by the plaintiffs at trial was sufficient to deny the City's motion pursuant to CPLR 4404 (a) on the issue of whether the appellant affirmatively created the roadway defect or worsened the condition by doing work that immediately resulted in the existence of a dangerous condition that would preclude it from relying on it prior written notice law (*see Yarborough v City of New York*, 10 NY3d 726 [2008]). Moreover, because a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial, the Supreme Court properly denied that branch of the appellant's motion which was to set aside the jury verdict as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Furthermore, a jury verdict should not be set aside as against

the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ahr v Karolewski,* 48 AD3d 719 [2008]; *Kinney v Taylor,* 305 AD2d 466 [2003]; *see generally Nicastro v Park,* 113 AD2d 129 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the factfinders, who had the opportunity to see and hear the witnesses (*see Nicastro v Park,* 113 AD2d 129 [1985]). Contrary to the appellant's contention, the jury reasonably could have reached its verdict based on a fair interpretation of the evidence adduced at trial.

Contrary to the appellant's contention, the award to the plaintiff Judith Desposito for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Vertsberger v City of New York,* 34 AD3d 453 [2006]). Mastro, J.P., Lifson, Carni and Eng, JJ., concur.