■ CARL GAMBINO et al., Respondents, v CITY OF NEW YORK, Appellant. [877 NYS2d 91]—

In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated June 26, 2007, which, inter alia, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law for the plaintiffs' failure to establish a prima facie case, upon a jury verdict finding it 100% at fault in the happening of the accident and finding that the plaintiffs sustained damages in the principal sum of $5,100,000, upon an order of the same court dated July 18, 2006, among other things, denying those branches of its motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict and for judgment as a matter of law for the plaintiff's failure to establish a prima facie case, or to set aside the jury verdict as against the weight

of the evidence and for a new trial, and upon the plaintiffs' stipulation to reduce the verdict as to damages, is in favor of the plaintiffs and against it in the total sum of $2,693,002.75.

Ordered that the judgment is affirmed, with costs.

The plaintiff Carl Gambino (hereinafter the plaintiff), an employee of the New York City Department of Sanitation, slipped and fell on a puddle of oil as he was walking through a dimly-lit garage that was owned by the defendant and used to store various sanitation vehicles. The puddle was described during trial by the plaintiff and by his supervisor, Robert D'Angelo, as three feet by five feet or four feet by four feet in size, respectively. Another coworker, Ralph Senzino, testified that two days before the plaintiff's accident, he observed a five- or six-foot oil puddle which he reported to a garage clerk whose job included the noting of conditions in an incident log. D'Angelo and Senzino testified that the oil puddle they observed was in the vicinity of a truck bearing identification number 24005, and the identification number of the truck described by the plaintiff ended with 005. Any record reflecting Senzino's complaint of the condition was destroyed by water damage and was not available for discovery or trial. The jury found that the defendant's negligence in failing to keep the area of the garage where the accident occurred in a reasonably safe condition proximately caused the plaintiff's injuries. The jury found the defendant 100% at fault in the happening of the accident and found that the plaintiffs sustained damages in the principal sum of $5,100,000, which sum was thereafter reduced pursuant to stipulation.

On appeal, the defendant argues that, as a matter of law, it cannot be held liable as oil spillage in a garage housing trucks is inherent in the nature of the work and incidental to the use of the facility. We disagree. In cases involving a pool of oil or grease in a municipal truck garage, as here, liability may attach if the property owner affirmatively creates the condition, or had actual or constructive notice of the condition without correcting or warning of its existence within a reasonable time (see Mercer v City of New York, 88 NY2d 955 [1996]; Morales v Jolee Consolidators, 173 AD2d 315, 315-316 [1991]). On this record, the jury's verdict on the issue of liability is supported by legally sufficient evidence, since there was a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).

Contrary to the defendant's contention, the testimony of the plaintiffs' witness was not so manifestly untrue, physically impossible, or contrary to common experience as to render it

incredible as a matter of law (*see Ahr v Karolewski,* 48 AD3d 719, 719-720 [2008]). Moreover, the jury's verdict was supported by a fair interpretation of the evidence (*see Desposito v City of New York,* 55 AD3d 659 [2008]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.