■ RICHARD BAUMANN, Respondent, v TOWN OF ISLIP, Appellant, and MAINLINE ELECTRIC CORP., Respondent, et al., Defendant. [992 NYS2d 276]—

In an action to recover damages for personal injuries, the defendant Town of Islip appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia,

J.), dated August 22, 2012, as denied those branches of its motion which were for summary judgment dismissing the causes of action to recover damages for a violation of Labor Law § 200, common-law negligence, and a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-1.7 (e) (2), and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when he tripped and fell at the Maple Street Marina (hereinafter the Marina) construction site owned by the defendant Town of Islip. At the time of his accident, the plaintiff was working as an equipment operator for Atlantic Coast Dock Building Corp. (hereinafter Atlantic). Atlantic was the general contractor for the construction at the Marina and subcontracted with the defendant Mainline Electric Corp. (hereinafter Mainline) to perform the electrical work. The plaintiff alleged that he tripped over a metal "fish" or "snake" line used by the electrical contractor to pull wire through electrical conduit as he was trying to clear a path to drive his excavator into position to complete his assigned task. The plaintiff commenced this action to recover damages for personal injuries against, among others, the Town. The Town moved for summary judgment dismissing, inter alia, the causes of action to recover damages for a violation of Labor Law § 200, common-law negligence, and a violation of Labor Law § 241 (6) insofar as predicated on 12 NYCRR 23-1.7 (e) (2), and all cross claims insofar as asserted against it. The Supreme Court denied those branches of the motion.

The Supreme Court properly denied that branch of the Town's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as predicated on 12 NYCRR 23-1.7 (e) (2) insofar as asserted against it. The Town failed to establish, prima facie, that the area where the plaintiff was injured was not a "working area" within the meaning of 12 NYCRR 23-1.7 (e) (2) (see Lane v Fratello Constr. Co., 52 AD3d 575, 576 [2008]; see also Harkin v City of New York, 69 AD3d 901, 902 [2010]; Bopp v A.M. Rizzo Elec. Contrs., Inc., 19 AD3d 348 [2005]).

The Supreme Court also properly denied those branches of the Town's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Before the Supreme Court and on appeal, in support of these branches of its motion, the Town focused exclusively upon its alleged lack of supervision of, or control over, the plaintiff's work. That argument is only rele-

vant where the claimed injury arises from the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d 54, 60-63 [2008]). Where, as here, the injury arises from an allegedly defective or dangerous condition on the premises, the allegedly unsecured and improperly stored electrical wire, a property owner will be liable under a theory of common-law negligence, as codified by Labor Law § 200, when the owner created the alleged dangerous or defective condition, or failed to remedy a dangerous or defective condition of which it had actual or constructive notice (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]). Since the Town failed to address this issue, it did not meet its prima facie burden with respect to those branches of its motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action (*see Colon v Bet Torah, Inc.*, 66 AD3d 731, 732 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d at 764-765).

To the extent that the Town argues that the alleged dangerous or defective condition was "open and obvious," that argument merely presents an issue of fact concerning the plaintiff's comparative fault (*see Vigil v City of New York*, 110 AD3d 986, 987 [2013]).

Accordingly, the Supreme Court properly denied those branches of the Town's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of actions, and the Labor Law § 241 (6) cause of action insofar as predicated on 12 NYCRR 23-1.7 (e) (2), and all cross claims insofar as asserted against it. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.