■ CLARA BRUNI, Appellant, v MACY'S CORPORATE SERVICES, INC., et al., Respondents. [21 NYS3d 333]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered December 1, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On December 15, 2011, the plaintiff had just finished shop-

ping at the defendants' store when she allegedly slipped and fell on an oil patch in the parking lot. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

The owner or possessor of real property has a duty to maintain the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the allegedly hazardous condition that caused the accident, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037, 1038 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728 [2012]). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the accident (*see Sartori v JP Morgan Chase Bank, N.A.*, 127 AD3d 1157 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d at 456; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 728). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (*Herman v Lifeplex, LLC*, 106 AD3d 1050, 1051 [2013]; *see Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 933-934 [2014]).

In support of their motion, the defendants failed to demonstrate, prima facie, a lack of constructive notice of the allegedly hazardous condition that caused the subject accident, as they failed to submit any evidence as to when, prior to the accident, the area of the parking lot where the alleged slip and fall occurred, was last inspected or cleaned relative to the accident (*see Rogers v Bloomingdale's, Inc.*, 117 AD3d at 934; *Herman v Lifeplex, LLC*, 106 AD3d at 1052; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 599 [2008]). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.