■ MARIA MAGEE, Respondent-Appellant, v CUMBERLAND FARMS, INC., et al., Appellants-Respondents. [43 NYS3d 125]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated November 12, 2014, as, in effect, denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was, in effect, to set aside the jury verdict on the issue of liability as inconsistent and for a new trial.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.

The plaintiff commenced this action against the defendants, Cumberland Farms, Inc., and Cumberland Farms #1541, to recover damages for personal injuries that she contends she sustained when she slipped and fell while shopping in a Cumberland Farms convenience store. The plaintiff alleged that her fall was caused by a wet condition on the floor of the store. After a bifurcated trial, the jury returned a liability verdict in favor of the plaintiff, determining that, although the plaintiff was negligent, her negligence was not a substantial factor in causing the accident. Thereafter, during the damages phase of the trial, the jury, while deliberating, sent a note to the Supreme Court asking if the damages award would be reduced by 15% as it previously had found the plaintiff to be 15% at fault. In response to the note, on consent of the parties, the court informed the jury that there would be no reduction in the damages award. The jury then awarded the plaintiff damages in the sum of $105,000.

Thereafter, the defendants moved pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint or, in effect, in the alternative, to set aside the verdict on the issue of liability as inconsistent and for a new trial. The Supreme Court, inter alia, granted that branch of the defendants' motion which was, in effect, to set aside the liability verdict and for a new trial, and, in effect, denied that branch of their motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint. The defendants appeal from so much of the order as, in effect, denied the branch of their motion which was to set aside the verdict and for judgment as a matter of law dismissing the complaint, and the plaintiff cross-appeals from so much of the order as set aside the liability verdict and ordered a new trial on the issue of liability.

A motion for judgment as a matter of law pursuant to CPLR 4404 "may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867, 867 [2014]). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d at 868; *Hammond v Diaz*, 82 AD3d 839, 840 [2011]; *Dublis v Bosco*, 71 AD3d 817, 817 [2010]; *Tapia v Dattco, Inc.*, 32 AD3d at 844).

Here, viewing the evidence in the light most favorable to the plaintiff, a valid line of reasoning and permissible inferences exists that could have led a rational jury to conclude that the defendants were negligent and that their negligence was a substantial factor in causing the plaintiff's accident (*see Gambino v City of New York*, 60 AD3d 627, 628 [2009]; *DiMicelli v McCormack*, 3 AD3d 547, 548 [2004]). Accordingly, the Supreme Court properly, in effect, denied that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the verdict and for judgment as a matter of law dismissing the complaint. Furthermore, the jury verdict in favor of the plaintiff was supported by a fair interpretation of the evidence and, thus, should not be set aside as contrary to the weight of the evidence (*see e.g. Gambino v City of New York*, 60 AD3d at 628; *DiMicelli v McCormack*, 3 AD3d at 548).

However, when a jury's verdict is internally inconsistent, the trial court must order either reconsideration by the jury or a new trial (*see D'Annunzio v Ore*, 119 AD3d 512, 512 [2014]; *Kelly v Greitzer*, 83 AD3d 901, 902 [2011]; *Palmer v Walters*, 29 AD3d 552, 553 [2006]). Under the circumstances here, the jury's verdict as to liability was internally inconsistent because the jury attributed 15% of the fault for the accident to the plaintiff, despite having found that the plaintiff's negligence was not a substantial factor in causing her injuries (*see Kumar v PI Assoc., LLC*, 125 AD3d 609, 610-611 [2015]; *D'Annunzio v Ore*, 119 AD3d at 512; *Kelly v Greitzer*, 83 AD3d at 902). The Supreme Court properly determined that the jury was confused about the meaning of the court's charge regarding proximate

cause when it returned its liability verdict (*see e.g. Kelly v Greitzer*, 83 AD3d at 902; *Palmer v Walters*, 29 AD3d at 553).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, to set aside the verdict on the issue of liability as inconsistent and for a new trial. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.