◼ LISA TORRE, Respondent, v ASPEN KNOLLS ESTATES HOME OWNERS ASSOCIATION, INC., Appellant, and COMMERCIAL MAINTENANCE SERVICE, INC., Respondent. (And a Third-Party Action.) [54 NYS3d 84]—

In an action to recover damages for personal injuries, the defendant Aspen Knolls Estates Home Owners Association, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 3, 2015, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff allegedly was injured when she slipped and fell on a patch of ice on top of a manhole cover on a private roadway in the community of Aspen Knolls Estates, located in Richmond County. The plaintiff commenced this action against, among others, the defendant Aspen Knolls Estates Home Owners Association, Inc. (hereinafter Aspen Knolls), the owner of the subject property. Aspen Knolls moved for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the motion.

The owner of property has a duty to maintain the property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Monastiriotis v Monastiriotis*, 141 AD3d 510 [2016]). A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d

950 [2016]; *Levine v G.F. Holding, Inc.*, 139 AD3d 910 [2016]; *Mehta v Stop & Shop Supermarket Co., LLC*, 129 AD3d 1037 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). To meet its burden on the issue of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d at 950; *Sartori v JP Morgan Chase Bank, N.A.*, 127 AD3d 1157 [2015]; *Campbell v New York City Tr. Auth.*, 109 AD3d at 456; *Levine v Amverserve Assn., Inc.*, 92 AD3d at 729; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

The plaintiff's allegations are based on notice of the alleged icy condition. While the evidence submitted in support of Aspen Knolls' motion for summary judgment demonstrated the lack of actual notice of the alleged icy condition, it failed to demonstrate that it lacked constructive notice. Aspen Knolls failed to submit any evidence as to when, prior to the subject accident, the area of the roadway where the alleged slip and fall occurred was last inspected or cleaned relative to the subject accident (*see Bruni v Macy's Corporate Servs., Inc.*, 134 AD3d 870 [2015]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 934 [2014]; *Herman v Lifeplex, LLC*, 106 AD3d 1050, 1052 [2013]; *Mahoney v AMC Entertainment, Inc.*, 103 AD3d 855, 856 [2013]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599).

Aspen Knolls' remaining contention, that it met its prima facie entitlement to judgment as a matter of law based on the applicability of section 16-123 of the Administrative Code of the City of New York, is without merit.

Since Aspen Knolls failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Roman, Cohen and Miller, JJ., concur.