■ RICHARD DEFELICE, JR., Respondent, v SEAKCO CONSTRUCTION COMPANY, LLC, et al., Respondents, and MICHAEL O'HALLORAN et al., Appellants. (And Third-Party Actions.) [54 NYS3d 55]—

In an action to recover damages for personal injuries, the defendants Michael O'Halloran and Judith McHale appeal from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 3, 2015, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from,

with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, an electrician, allegedly slipped on ice and fell on the driveway as he approached the front steps of a house owned by the defendants Michael O'Halloran and Judith McHale (hereinafter together the homeowners). At the time of the accident, the house was undergoing extensive renovations and the homeowners were living out of state. The defendant Seakco New York, LLC (hereinafter Seakco), was the general contractor on the renovation project. The plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) against, among others, the homeowners and Seakco. The homeowners moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they did not exercise any supervision or control over the plaintiff's work and that they lacked notice of the allegedly icy condition that caused the accident. The Supreme Court granted that branch of the motion which was to dismiss the cause of action alleging a violation of Labor Law § 241 (6), but denied those branches of the motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. The homeowners appeal.

Labor Law § 200 is a codification of the common-law duty to provide workers with a reasonably safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294 [1992]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). Where a worker's injury arises out of the condition of the premises, liability may not be imposed unless the owner "either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d at 61; *see Baumann v Town of Islip*, 120 AD3d 603, 605 [2014]).

The Supreme Court properly determined that the homeowners had a duty to keep their property in a reasonably safe condition and provide workers with a safe place to work, even though they were residing out of state at the time of the accident (*see Carlson v Lyon*, 289 AD2d 835, 836 [2001]; *Fehrenbacher v Berl*, 240 AD2d 466, 467 [1997]). In addition, contrary to the

homeowners' contention, the plaintiff's alleged injuries stem from a dangerous condition on the premises (*see Baumann v Town of Islip*, 120 AD3d at 604-605; *Mikelatos v Theofilaktidis*, 105 AD3d 822, 823 [2013]; *Edick v General Elec. Co.*, 98 AD3d 1217, 1219 [2012]; *Sullivan v RGS Energy Group, Inc.*, 78 AD3d 1503 [2010]; *see also Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 148 [2010]), and not from the manner in which work was performed (*cf. Cody v State of New York*, 82 AD3d 925, 928 [2011]). Further, the court properly concluded that the homeowners failed to establish, prima facie, that they lacked constructive notice of the alleged icy condition in the driveway (*see Denardo v Ziatyk*, 95 AD3d 929, 930 [2012]; *Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]). The evidence submitted in support of the homeowners' motion, which included transcripts of the plaintiff's and their own deposition testimony, failed to establish when they or the company they contracted with to provide snow removal on the driveway last inspected the driveway, or what the driveway looked like on the day of the accident (*see Giantomaso v T. Weiss Realty Corp.*, 142 AD3d 950, 951 [2016]; *Denardo v Ziatyk*, 95 AD3d at 930; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]). Since the homeowners failed to meet their prima facie burden, the court properly denied those branches of their motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them, without regard to the papers submitted in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.