Hanney v White Plains Galleria, LP (2018 NY Slip Op 00130)





Hanney v White Plains Galleria, LP


2018 NY Slip Op 00130


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-09452
 (Index No. 51689/14)

[*1]Richard Hanney, appellant, 
v
White Plains Galleria, LP, et al., respondents (and a third-party action).


Hach & Rose, LLP, New York, NY (Robert F. Garnsey and Michael A. Rose of counsel), for appellant.
Fishman McIntyre Berkeley Levine Samansky, P.C., New York, NY (Philip H. Ziegler of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered August 9, 2016, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.
On July 31, 2013, the plaintiff was working on a mechanical system on the roof of the Galleria Mall in White Plains, which was owned and/or managed by the defendants. The plaintiff allegedly sustained personal injuries when, as he descended a small set of wooden stairs, one of the steps cracked while he was on it, and he jumped from the step to avoid falling. The plaintiff commenced this action alleging, inter alia, that the defendants negligently maintained the staircase. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the defendants' motion, and the plaintiff appeals.
In a premises liability case, a defendant real property owner or a party in possession or control of real property who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Kyte v Mid-Hudson Wendico, 131 AD3d 452; Pampalone v FBE Van Dam, LLC, 123 AD3d 988; Martino v Patmar Props., Inc., 123 AD3d 890). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon American Museum of Natural History, 67 NY2d 836, 837-838). To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected [*2]relative to the time when the plaintiff fell (see Rong Wen Wu v Arniotes, 149 AD3d 786; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, while the evidence submitted in support of the subject branch of the defendants' motion may have demonstrated, prima facie, that they did not create the alleged condition or have actual notice thereof, it failed to demonstrate, prima facie, that they did not have constructive notice of it. Indeed, the evidence submitted on their motion failed to demonstrate when the subject staircase was last inspected relative to the plaintiff's accident (see Torre v Aspen Knolls Estates Home Owners Assn, Inc., 150 AD3d 789, 789; DeFelice v Seakco Constr. Co., LLC, 150 AD3d 677, 678; James v Orion Condo-350 W. 42nd St., LLC, 138 AD3d 927; Bruni v Macy's Corporate Servs., Inc., 134 AD3d 870, 871; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598). Thus, in the absence of any evidence as to when they last inspected the staircase prior to the accident, they failed to establish, prima facie, that they lacked constructive notice of the allegedly defective condition of the step (see Pryzywalny v New York City Tr. Auth., 69 AD3d at 598). In light of the defendants' failure to meet their prima facie burden on the subject branch of their motion, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court