Troina v Canyon Donuts Jericho Turnpike, Inc. (2018 NY Slip Op 07482)





Troina v Canyon Donuts Jericho Turnpike, Inc.


2018 NY Slip Op 07482


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-07846
 (Index No. 1306/15)

[*1]Marie Troina, et al., appellants, 
v
Canyon Donuts Jericho Turnpike, Inc., et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellants.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Arthur J. Smith of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated June 13, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
Marie Troina (hereinafter the injured plaintiff) alleges that she tripped and fell when she caught her right foot under a tire/wheel stop in the parking lot of a Dunkin' Donuts restaurant in Oyster Bay. At the time, the restaurant allegedly was owned, operated, and/or maintained by the defendants Canyon Donuts Jericho Turnpike, Inc., Ronald Portnoy, and Ernest Rauch (hereinafter collectively the defendants). The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants to recover damages for personal injuries, alleging negligent maintenance of the parking lot. After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that they did not create or have actual or constructive notice of the allegedly dangerous condition. The Supreme Court granted the motion.
The plaintiffs appeal.
The defendants failed to establish, prima facie, that they lacked constructive notice of the allegedly dangerous condition. They failed to submit evidence as to when, prior to the accident, the tire/wheel stop at issue was last inspected (see Torre v Aspen Knolls Estates Home Owners Assn., Inc., 150 AD3d 789, 789; DeFelice v Seakco Constr. Co., LLC, 150 AD3d 677, 678; James v Orion Condo-350 W. 42nd St., LLC, 138 AD3d 927; Bruni v Macy's Corporate Servs., Inc., 134 AD3d 870, 871; Pryzywalny v New York City Tr. Auth., 69 AD3d 598, 598). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court