Giambruno v Albrechet (2021 NY Slip Op 01249)





Giambruno v Albrechet


2021 NY Slip Op 01249


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-11291
 (Index No. 601245/18)

[*1]Michael Giambruno, respondent,
v
Vincent Albrechet, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Mesterman Law, PLLC, New York, NY (Dan Mesterman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated August 6, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, Michael Giambruno, was a letter carrier employed by the United States Postal Service. On February 18, 2015, the plaintiff was delivering mail to a single-family home when he noticed snow on the ground, and slipped and fell. The plaintiff thereafter commenced this action to recover damages for personal injuries against the owners of the home, the defendants, Vincent Albrecht and Krista Albrecht. The complaint alleged, inter alia, that the defendants had actual and constructive notice of a snow and/or ice condition that caused the plaintiff's fall.
The defendants moved for summary judgment dismissing the complaint, and the plaintiff opposed their motion. By order dated August 6, 2019, the Supreme Court denied the defendants' motion, finding that the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged snow and/or ice condition in their driveway. The defendants appeal.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Coelho v S & A Neocronon, Inc., 178 AD3d 662, 663; see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). In moving for summary judgment in such a case, "the defendant has the burden of establishing, prima facie, that it neither created the hazardous snow and/or ice condition which caused the plaintiff's injury nor had actual or constructive notice of such condition" (Stevens v St. Charles Hosp. & Rehabilitation Ctr., 165 AD3d 729, 731; see Coelho v S & A Neocronon, Inc., 178 AD3d at 663-664; Ahmetaj v Mountainview Condominium, 171 AD3d at 684; Stewart v Sherwil Holding Corp., 94 AD3d 977, 978; Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106).
Here, the defendants failed to establish, prima facie, that they lacked constructive [*2]notice of the alleged snow and/or ice condition that caused the plaintiff to slip and fall. The evidence the defendants submitted in support of their motion failed to eliminate all triable issues of fact on the issue of constructive notice, as it demonstrated that it had snowed the day prior to the plaintiff's accident, and that the plaintiff observed snow on the ground immediately before he fell. The defendants also submitted affidavits in which they attested that they did not shovel or disturb any snow or ice which may have been on their driveway. Moreover, the defendants were not relieved of their "duty to keep their property in a reasonably safe condition" even though they were away on vacation at the time of the plaintiff's accident (DeFelice v Seakco Constr. Co., LLC, 150 AD3d 677, 678; see Robertson v Masiello, 21 AD3d 1259, 1260; Carlson v Lyon, 289 AD2d 835, 836), and they did not submit evidence demonstrating that they arranged for the inspection and maintenance of their property while they were away.
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
The defendants' remaining contention is improperly raised for the first time on appeal.
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court