Armenta v AAC Cross County Mall, LLC (2023 NY Slip Op 04355)

Armenta v AAC Cross County Mall, LLC

2023 NY Slip Op 04355

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-00604
 (Index No. 69546/19)

[*1]Maria Armenta, appellant,
v
AAC Cross County Mall, LLC, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated December 22, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On April 24, 2019, the plaintiff allegedly slipped and fell on an oily substance on the ground of the exterior parking lot of the defendant's shopping mall. On or about November 27, 2019, the plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it did not create the allegedly hazardous condition that caused the accident, or that it did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it (see Bruni v Macy's Corporate Servs., Inc., 134 AD3d 870, 871; see also Mercer v City of New York, 88 NY2d 955; Gambino v City of New York, 60 AD3d 627, 628). To meet its burden on the issue of lack of constructive notice, a defendant is required to offer some evidence as to when the accident site was last cleaned or inspected prior to the accident (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d 956, 958; Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551; Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157). "Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice" (Herman v Lifeplex, LLC, 106 AD3d 1050, 1051; see Rodriguez v Shoprite Supermarkets, Inc., 119 AD3d 923; Rogers v Bloomingdale's, Inc., 117 AD3d 933, 933-934).
Here, the defendant failed to establish, prima facie, that it did not have constructive notice of the condition that allegedly caused the plaintiff to fall (see Skerrett v LIC Site B2 Owner, LLC, 199 AD3d at 958; Bruni v Macy's Corporate Servs., Inc., 134 AD3d at 871; Mignogna v 7-[*2]Eleven, Inc., 76 AD3d 1054, 1055; Backer v Central Parking Sys., 292 AD2d 408, 409). The plaintiff testified at her deposition that she saw the oily patch on the ground of the parking lot on her way into the shopping mall, approximately an hour before she slipped and fell after exiting the mall. The defendant's property manager only testified about the defendant's general cleaning and inspection procedures.
The defendant's contention that the presence of the oily substance on the ground of the parking lot was incidental to the use of the premises is without merit (see Gambino v City of New York, 60 AD3d 627). Contrary to the defendant's contention, the fact that the oily substance was open and obvious only raised a triable issue of fact as to the issue of the plaintiff's comparative negligence (see Cupo v Karfunkel, 1 AD3d 48).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court