Vance v Burkhart (2024 NY Slip Op 03572)

Vance v Burkhart

2024 NY Slip Op 03572

Decided on July 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2024

CV-23-0915
[*1]Robert Vance, Individually and as Temporary Administrator of the Estate of Lisa Vance, Deceased, Respondent,
v
Eric Burkhart et al., Appellants.

Calendar Date:May 29, 2024

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Mackey, JJ.

Kenney Shelton Liptak Nowak LLP, Buffalo (Justin L. Hendricks of counsel), for appellants.
Scarzafava, Basdekis & Dadey, PLLC, Oneonta (Brenton Dadey of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered April 27, 2023 in Otsego County, which denied defendants' motion for summary judgment dismissing the complaint.
In December 2020, plaintiff and his wife, Lisa Vance (hereinafter decedent), agreed to dog sit for defendants for approximately 10 days at defendants' home in the Town of Maryland, Otsego County, while defendants were on vacation in Florida. Beginning on December 16, 2020 and continuing through the following day, a winter storm deposited over two feet of snow in the area. Decedent, by way of text messages, notified defendant Eric Burkhart about the storm before and after it occurred. The morning of December 17, plaintiff cleared a small area on the back deck for the dogs to go to the bathroom. Later that same afternoon, at approximately 3:30 p.m., plaintiff exited the house onto the previously cleared area on the back deck to look for one of the dogs who had not returned. Upon realizing that the dog was stuck in snow just off the deck, plaintiff slipped, hitting his left foot on a railing. He was able to get himself up and "sw[a]m" through the accumulated snow to "rescue" the dog. Two days later, plaintiff went to the hospital to receive care for his injured foot, which ultimately had to be surgically amputated.
Thereafter, plaintiff and decedent, derivatively, commenced this action alleging that defendants were negligent in, among other things, failing to adequately maintain their property by allowing a dangerous, unsafe and improper condition — over two feet of snow and/or ice — to remain on the premises even after notice thereof, which resulted in plaintiff's injury. After issue was joined, defendants moved for summary judgment, arguing, among other things, that they were not liable due to the storm in progress doctrine, which plaintiff and decedent opposed. Supreme Court denied the motion, finding, among other things, that there were triable issues of fact regarding the storm in progress doctrine. Defendants appeal.[FN1]
To begin, we are unpersuaded by defendants' contention that they owed no duty to plaintiff to keep their property in a reasonably safe condition because they lacked the requisite control over the back deck where plaintiff fell and had no notice of the allegedly dangerous condition. It is well settled that an owner of property has a nondelegable duty to maintain its property in a reasonably safe condition, taking into account foreseeability of injuries to others (see Basso v Miller, 40 NY2d 233, 241 [1976]; Drake v Sagbolt, LLC, 112 AD3d 1132, 1132-1133 [3d Dept 2013]). "A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Giambruno v Albrechet, 192 AD3d 671, 672 [2d Dept 2021] [internal quotation marks and citations omitted]; see Van Duser v Mount St. Mary Coll., 176 AD3d [*2]1532, 1532 [3d Dept 2019]). "In order to demonstrate constructive notice, there must be a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit the defendant[s] to discover it and take corrective action" (Rose v Kozak, 175 AD3d 1656, 1658 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; accord Hill v Aubin, 188 AD3d 1520, 1521 [3d Dept 2020]).
Turning first to the issue of duty, defendants' duty to maintain their property in a reasonably safe condition existed and continued even while defendants were vacationing in Florida, which included making reasonable arrangements for snow and ice removal (see Giambruno v Albrechet, 192 AD3d at 672; Robertson v Masiello, 21 AD3d 1259, 1260 [4th Dept 2005]; Carlson v Lyon, 289 AD2d 835, 836 [3d Dept 2001]). Simply put, this duty required that the back deck be maintained in a safe manner because it was reasonably foreseeable that plaintiff could slip and fall on same while tending to the dogs, especially given defendants' testimony that the dogs were only to be let out onto the back deck and into the fenced-in backyard. It is clear from the record that defendants made no such arrangements nor did they delegate same to plaintiffs.[FN2] Moreover, to the extent defendants argue that they were out-of-possession landlords and thus owed no duty to plaintiff, we are unpersuaded as there is no support in the record that a landlord/tenant relationship existed between the parties (compare Harkins v Tuma, 182 AD3d 678, 678 [3d Dept 2020]; Rose v Kozak, 175 AD3d at 1656).
As to the issue of notice, defendants failed to meet their burden of demonstrating as a matter of law that they did not have actual or constructive notice of the alleged dangerous condition. Specifically, defendants' submissions establish that they had actual notice that a snowstorm was expected as decedent notified Eric Burkhart of such three days in advance of the storm and then again the day before the storm (compare Robertson v Masiello, 21 AD3d at 1260). Additionally, the morning of plaintiff's fall, decedent sent a photograph to Eric Burkhart showing that the property, as well as defendants' car, was covered in feet of heavy snow. Defendants' proffer also demonstrates that, although they may not have had any notice, constructive or otherwise, regarding plaintiff having shoveled the specific spot on which he fell earlier in the day, defendants were aware that the only permissible location for plaintiff and decedent to let the dogs out was onto the back deck. Moreover, defendants were aware that in order for the dogs, who were small in size, to access the backyard a path would have to be cleared. Defendants were also aware that both plaintiff and decedent had disabilities which would have made it difficult for them to shovel snow. Specifically, plaintiff had a walking boot due to a broken foot and decedent was undergoing chemotherapy and was utilizing a colostomy [*3]bag. Also, defendants were aware that there was no salt or sand accessible to plaintiff to help with slippery or icy conditions after shoveling, as testimony demonstrated that salt was kept in a shed approximately 30 yards away from the house. Given this evidence, we find that Supreme Court properly denied defendants' motion for summary judgment inasmuch as defendants failed to eliminate triable issues of fact as to whether they had actual or constructive notice of the dangerous condition due to the snow and/or ice that resulted in plaintiff's fall (see Giambruno v Albrechet, 192 AD3d at 672; Robertson v Masiello, 21 AD3d at 1260; see also Amidon v Yankee Trails, Inc., 17 AD3d 835, 837 [3d Dept 2005]).
Defendants also argue that, if they did have a duty, under the storm in progress doctrine they did not have to undertake snow removal efforts during the storm or for a reasonable period of time after it ended, which included the period of time during which plaintiff fell. "Under the storm in progress doctrine, a property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Gagne v MJ Props. Realty, LLC, 221 AD3d 1210, 1211 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Anson v Monticello Raceway Mgt., Inc., 217 AD3d 1231, 1231 [3d Dept 2023]). "[I]f the storm has passed and precipitation has tailed off to such an extent that there is no longer any appreciable accumulation, then the rationale for continued delay abates, and commonsense would dictate that the rule not be applied" (Scheuer v State of New York, 198 AD3d 1225, 1227 [3d Dept 2021] [internal quotation marks and citation omitted]; accord Gagne v MJ Props. Realty, LLC, 221 AD3d at 1212). In support of their motion, defendants submitted an expert affidavit of Alicia Wasula, a certified consulting meteorologist. Wasula averred that 26 to 28 inches of snow fell between December 16 and 17, 2020 due to a winter storm. Wasula stated that "[w]hile the majority of the snowfall had ended by approximately 9:15 a.m. [the day of the accident], occasional snow continued through 4:00 p.m." Other than describing the snowfall after 9:15 a.m. as "light, lingering flurries and snow showers," Wasula failed to detail how much snow had fallen between the cessation of the storm and plaintiff's fall. Moreover, given that plaintiff and decedent were at defendants' home solely for the purpose of caring for their dogs, who, per defendants' instructions, needed to go outside at least four to five times a day regardless of the weather, questions of fact remain regarding how long it was reasonable for defendants to wait after the storm ceased to clear the snow. Thus, defendants failed to establish their entitlement to summary judgment, rendering Supreme Court's denial of their summary judgment motion proper (see Imperati v Kohl's Dept. Stores, Inc., 91 AD3d [*4]1111, 1113 [3d Dept 2012]; LaDue v G & A Group, 241 AD2d 791, 792 [3d Dept 1997]; see also Gagne v MJ Props. Realty, LLC, 221 AD3d at 1212-1213).
Aarons, J.P., Lynch, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: During the pendency of this appeal, decedent died. As a result, Supreme Court granted plaintiff's motion to temporarily appoint him as the administrator of decedent's estate, substitute him as plaintiff and amend the caption.

Footnote 2: As to whether the duty was delegated to plaintiff and decedent, perhaps the most compelling evidence was Eric Burkhart's response to decedent's text message three days in advance of the storm, "[plaintiff] can have fun shoveling," which was followed by photos of defendants and their daughter at the beach. At his deposition, Eric Burkhart admitted that his response was intended to be sarcastic.